UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA SUE MACFARLANE,

      Plaintiff,

v.                               Case No:   2:18-cv-724-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

**OPINION AND ORDER**

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying her claim for a period of disability and disability

insurance.   The Commissioner filed the Transcript and a Supplemental Transcript of the

proceedings (hereinafter referred to as "Tr." followed by the appropriate page number),

and the parties filed a Joint Memorandum (Doc. 26).   For the reasons set out herein, the

decision of the Commissioner is **AFFIRMED** pursuant to § 405(g) of the codified Social

Security Act, 42 U.S.C. § 301 *et seq*.

I.      **Social Security Act Eligibility and the ALJ Decision**

      A.      **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by

reason of any medically determinable physical or mental impairment that can be expected

to result in death or that has lasted or can be expected to last for a continuous period of

not less than twelve months.   42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20

C.F.R. §§ 404.1505, 416.905.   The impairment must be severe, making the claimant

unable to do her previous work or any other substantial gainful activity that exists in the

national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.11.

## B.     Procedural History

On August 7, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. at 76). Plaintiff asserted an onset date of April 11, 2008, but later amended it to January 1, 2009. (*Id.* at 363, 368). Plaintiff's application was denied initially on February 23, 2016, and on reconsideration on May 3, 2016. (*Id.* at 76, 87). Administrative Law Judge Duane D. Young ("ALJ") held a hearing on October 27, 2017. (*Id.* at 358-88). The ALJ issued an unfavorable decision on February 16, 2018. (*Id.* at 21-31). The ALJ found Plaintiff not to be under a disability at any time from January 1, 2009, the alleged onset date, through December 31, 2015, the date last insured. (*Id.* at 31).

On August 30, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff then filed a Complaint (Doc. 1) with this Court on October 30, 2018, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20).

## C.     Summary of the ALJ's Decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five-step process determines whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant

work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff last met the insured status requirements on December 31, 2015. (Tr. at 25). At step one of the evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2009, through her date last insured of December 31, 2015. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments through the date last insured: "bilateral knee osteoarthritis and mild aortic insufficiency (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 27).

At step four, the ALJ determined that "[a]fter careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a)." (*Id.* at 28). The ALJ determined through the date last insured, Plaintiff was capable of performing her past relevant work as a court reporter and also found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.* at 31).

## II. Analysis

### A. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

On appeal, Plaintiff raises the following five issues, as stated by the parties:

(1)     Whether the ALJ properly found Plaintiff could perform her past relevant work and, thus, properly did not proceed to step five of the sequential evaluation process and apply the medical-vocational grids (the "Grids").

(2)     Whether substantial evidence support the ALJ's evaluation of Plaintiff's reported symptoms including fecal urgency, in assessing her severe impairments and RFC.

(3)     Whether the ALJ properly developed the record, including evidence of Plaintiff's alleged upper extremity impairments.

(4)     Whether the ALJ properly classified Plaintiff's past relevant work.

(5)     Whether Plaintiff is entitled to remand for a new hearing and decision by a Constitutionally-appointed ALJ or whether Plaintiff forfeited her appointments clause challenge to the ALJ's decision.

(Tr. at 11, 14, 19, 26, 30).    Based upon a review of the issues raised, the Court addresses these issues out of turn and begins with issues two and three and then turns to the other arguments.

**C.     ALJ's Evaluation of the Severity of Plaintiff's Reported Symptoms**

Plaintiff argues the ALJ failed to find Plaintiff's fecal urgency a severe impairment and to include related limitations in the RFC.    (Doc. 26 at 14).    Plaintiff claims the ALJ conflated Plaintiff's fecal incontinence impairment with Plaintiff's fecal urgency symptoms. (*Id.*).    The Commissioner argues the ALJ's step two findings are supported by substantial evidence.    (*Id.* at 15).    The Commissioner also argues substantial evidence supports the

ALJ's assessment of Plaintiff's RFC and that her subjective complaints, including her alleged fecal urgency symptoms were not support by the evidence of record.   (*Id.* at 16).

In the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe."   *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).   Instead, the ALJ is only required to consider a claimant's impairments in combination, whether severe or not.   *Id.*   If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three.   *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).   "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling."   *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found Plaintiff suffered from the following severe impairments: "bilateral knee osteoarthritis and mild aortic insufficient."   (Tr. at 25).   Thus, the ALJ found Plaintiff met the requirements at step two and continued with the sequential evaluation.   (*Id.* at 25-27).

In addition, as long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments – including her alleged fecal incontinence and fecal urgency – any potential error is harmless.   *See Griffin*, 560 F. App'x at 841-42.

In the decision, the ALJ discussed both Plaintiff's fecal incontinence and fecal urgency complaints.   (*Id.* at 26).   The ALJ noted that Plaintiff testified that she had fecal urgency one or more times per day, up to three times per day.   (*Id.*).   The ALJ found:

The claimant argued at the hearing that this significantly impaired her ability to perform her past work. However, the claimant's arguments as to severity are undermined by her own testimony that her incontinence has improved over time with a decreased frequency of only a few times per year. The record reflects a specialist visit for her complaints in June of 2014 (Exhibit 3F/18). An ultrasound performed as part of the exam found no anal sphincter defect, although the sphincter is thin and she had lower than expected resting and squeezing pressures (Exhibit 3F/l9). However, the treatment protocol was conservative, recommending dietary modifications, a fiber supplement, and a recommendation for physical therapy to strengthen her sphincter muscles (Exhibit 3F/l9).

Further, the medical evidence of record (MER) does not support the severity of her alleged symptoms. All that is available in the record about her problem with urgency is her testimony. There are no medical records supporting the extent of problems she alleges in her testimony. There are no medical records where she complains of urgency to establish a history of this being an ongoing problem that would tend to support her claim for disability. There is only one medical record after January 1, 2009 that marginally deals with this issue.

(*Id.*). The Court finds that the ALJ did not conflate Plaintiff's allegations of fecal incontinence with fecal urgency, but instead addressed them separately.

In addition, the ALJ noted Plaintiff failed to cite any evidence other than her own testimony concerning fecal urgency. To establish disability based on testimony of pain or other symptoms, a plaintiff's showing must satisfy a two-pronged test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

The only tangential medical evidence of record is a visit to UCSF Medical Center on June 4, 2014. (*Id.* at 328-30). Plaintiff saw Ankit Sarin, M.D. for complaints of intermittent fecal incontinence and fecal urgency. (*Id.* at 328). Dr. Sarin assessed Plaintiff with fecal incontinence and did not mention fecal urgency. (*Id.* at 329). Dr. Sarin recommended dietary modifications and physical therapy to address Plaintiff's incontinence issues. (*Id.* at 329). This medical evidence does not support Plaintiff's subjective complaints of fecal urgency, and Plaintiff has not established that she has an impairment that could reasonably produce her symptoms. Further, Plaintiff has not established that she had an ongoing problem with fecal urgency from the onset date to the date last insured. The Court finds that even if the ALJ erred in not finding Plaintiff's fecal urgency a severe impairment, the error is harmless because the ALJ considered all of Plaintiff's impairments whether severe or not in determining Plaintiff's RFC. Accordingly, the Court finds that the ALJ's decision as to this issue is supported by substantial evidence.

D.    **ALJ's Development of the Record as to Plaintiff's Alleged Upper Extremity Impairment**

Plaintiff argues the ALJ failed to develop the record concerning Plaintiff's left upper extremity impairments and erred in failing to order a consultative examination or otherwise develop the record. (Doc. 26 at 23). The Commissioner argues the ALJ in this case was not required to further develop the record before deciding that Plaintiff was not disabled. (*Id.*). The Commissioner contends Plaintiff provided no evidence that she received treatment for any condition related to her left arm and shoulder during the relevant time period. (*Id.* at 24-25).

A plaintiff bears the burden of proving she is disabled and is responsible "for

producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). However, an ALJ "has a basic duty to develop a full and fair record." *Id.* (citing 20 C.F.R. § 416.912(d)).[1] This duty applies whether or not the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).

An ALJ is not required to order a consultative examination "as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). In addition, a plaintiff must show prejudice before a court will find that a plaintiff's "'right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record.'" *Brown*, 44 F.3d at 934-35 (quoting *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). To determine if prejudice exists, the Court must assess whether the record contains evidentiary gaps that result in unfairness or clear prejudice. *Id.* at 935 (citing *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)).

Plaintiff cites to one medical record to support her argument. (Doc. 26 at 19). Plaintiff visited Contra Costa Cardiology Medical Group on July 7, 2008. (Tr. at 283). In obtaining a medical history from Plaintiff, Agustin J. Argenal, M.D. reported that Plaintiff "[h]as had recurrent [left] arm + shoulder pain. Needs M.R.I. Unable to do job as court reporter." (*Id.*). Plaintiff characterized this medical record as Dr. Argenal having made

---

[1] *See* 20 C.F.R. § 404.1545(a)(3) ("before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources.").

this statement. (Doc. 26 at 19). But instead, Dr. Argenal reported this information as told to him by Plaintiff, and this record alone is not substantial evidence to support this alleged limitation. And nevertheless, the ALJ took note of Plaintiff's claim that she suffered from neck and shoulder pain with left arm numbness. (Tr. at 26). And the ALJ noted Plaintiff produced no objective medical evidence during the relevant time period to support her allegations. (*Id.*). The ALJ reasoned:

> The claimant alleged she had "repetitive stress syndrome" and "many EEGs and tests." However, the claimant could provide no objective medical evidence to support her allegations. A review of the MER failed to find evidence to support her subjective complaints. There is no etiology for her alleged condition in the evidence submitted for this claim, with the claimant failing to show any medically acceptable evidence including signs, symptoms, and laboratory findings to support the diagnosis. The claimant raised her subjective complaints to her cardiologist in July of 2008 and again in 2009. However, the cardiologist merely recited in the record her statements and confined treatment to her cardiac issues. There was no diagnosis or treatment performed for her alleged symptoms (Exhibit 2F/21-22).

(*Id.*). Plaintiff has not demonstrated that there is a gap in the medical evidence of record that warrants a consultative examination. Plaintiff has not indicated that there are medical records during the relevant time period that support her claim of limitations concerning her neck and left upper extremity. "Therefore, it is pure speculation that a consultative examination would support the plaintiff's allegations of disability." *Correa v. Colvin*, No. 8:15-CV-461-T-TGW, 2016 WL 7334642, at *5 (M.D. Fla. Mar. 18, 2016). In addition, at the hearing, Plaintiff's representative stated there are no other medical records or documents that the ALJ would need to render a decision. (*Id.* at 362). The Court finds the ALJ fully developed the record and was not required to obtain a

consultative examination.  Further, the Court finds the ALJ's decision is supported by substantial evidence.

### E.      Past Relevant Work

Plaintiff argues the requirements of the job of court reporter exceed Plaintiff's abilities due to her upper-extremity limitations.  (Doc. 26 at 11).   Plaintiff also points to the vocational expert's testimony that an individual who needs to take unscheduled breaks of 5 to 7 minutes, one to three times per day, could not work as a court reporter. (*Id.* a 12).   Based on these limitations, Plaintiff contends she is unable to perform her past relevant work as a court reporter.   (*Id.*).   The Commissioner argues Plaintiff failed to show that she has additional limitations not included in her RFC.   (*Id.* at 13).   In addition, the Commissioner argues that based on Plaintiff's RFC, the vocational expert testified that Plaintiff is able to perform her past relevant work as normally performed at the sedentary-exertional level.   (*Id.*).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   In other words, an individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments.   *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009).   In determining a claimant's RFC, the ALJ must consider all the relevant evidence of record.   *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010).   However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he

is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

The Court found in the prior sections that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence. The RFC does not include additional limitations for the left upper extremity or require breaks every 5 to 7 minutes, one to three times per day. When the ALJ presented a hypothetical to the vocational expert that included the limitation to sedentary work activity, the vocational expert testified that Plaintiff is able to perform her past relevant work as a court reporter with this limitation as it is generally performed. (*Id.* at 381-82). Even if the ALJ added additional limitations of avoiding kneeling, crouching, crawling, climbing, and push/pull with the bilateral lower extremities, the vocational expert testified that Plaintiff was capable of performing her past relevant work. (*Id.* at 382).

The Court finds the ALJ's determination that Plaintiff is capable of performing her past relevant work as a court reporter is supported by substantial evidence.

### F.    Classification of Plaintiff's Past Relevant Work

Plaintiff argues her past relevant work is a composite job of court reporter and bindery operator. (Doc. 26 at 26). Plaintiff claims that in addition to her position as a court reporter, she also described her job duties as including printing, binding, and transporting work to the appeals office. (*Id.*). The Commissioner argues that although Plaintiff may have performed a few tasks that are not included in the DOT job description, she could still perform the job of court reporter as generally performed in the national economy. (*Id.* at 29).

At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). Even though the burden lies with Plaintiff, the ALJ must consider all duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work in spite of her impairments. *Levie*, 514 F. App'x at 830.

The analysis differs when a plaintiff's past relevant work qualifies as a composite job. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018). A composite job is one that has "'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Id.* (quoting SSR 82-61 at *2). For past relevant work to qualify as a composite job, the main duties of the past relevant work must include multiple DOT occupations as described by the plaintiff. *Id.* (citing Program Operations Manual System ("POMS") DI 25005.020). "When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform [her] previous work as actually performed." *Id.* (citing SSR 82-61 at *2).

In the instant case, to show that Plaintiff's past relevant was a composite job of both a court reporter and a bindery operator, Plaintiff had to establish that printing, binding, and transporting were one of the main duties as a court reporter. Plaintiff's representative stated at the hearing that Plaintiff's "entire past work history has been as a court reporter." (Tr. at 362). Plaintiff described her job as spending "95% of my time

in criminal court and I took the proceedings and transcribed them into a booklet form and filed them with the State." (*Id.* at 369). In her work history report, Plaintiff stated that she took a verbatim record of court proceedings and transcribed them for appeals. (*Id.* at 196-97). She also stated that she printed, bound, and transported the transcripts. (*Id.*). Plaintiff testified she had no other work activity after the year 2000, other than court reporting or doing her own transcriptions. (*Id.* at 370). Plaintiff did not introduce any evidence as to how much time she spent doing the printing, binding, and transporting or establish that these duties were a main duty of her job. The Court finds Plaintiff failed to meet her burden of showing that her past relevant work as a court reporter was a composite position. The Court also finds the ALJ's decision that Plaintiff's past relevant work was as a court reporter is supported by substantial evidence.

### G.  Appointments Clause Challenge

Plaintiff argues that at the time of the hearing and on the date of the decision, the ALJ was not properly appointed under the Constitution's Appointments Clause and, therefore, had no authority to render a decision in this matter, citing *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) (holding that a plaintiff is entitled to relief when raising a *timely* challenge to the constitutional validity of the appointment of an officer adjudicating the case) (emphasis added). (Doc. 26 at 30). Plaintiff further argues that the failure to raise this issue before the ALJ and the Appeals Council is not fatal because exhaustion of this issue is not required. (*Id.* at 32-33). The Commissioner disagrees. The Commissioner argues that at no point in the administrative process did Plaintiff ever present an argument that ALJs are inferior officers under the Appointments Clause. (*Id.* at 34-35). The Commissioner claims that Plaintiff forfeited her right to raise this issue due to her failure

to assert this challenge before the agency at any point in the administrative process. (*Id.* at 35).

This Court has repeatedly rejected the Appointments Clause argument presented here. *Huebert v. Comm'r of Soc. Sec.*, No. 2:18-CV-761-FTM-MAP, 2019 WL 5206065, *5 (M.D. Fla. Oct. 16, 2019); *Miaolino v. Com'r of Soc. Sec.*, No. 2:18-CV-494-FTM-UAM, 2019 WL 2724020, *6 (M.D. Fla. July 1, 2019); *Valle-Roman v. Comm'r of Soc. Sec.*, No. 6:18-CV-1158-ORL-TBS, 2019 WL 1281171, *2 (M.D. Fla. Mar. 20, 2019). In a nutshell, *Lucia*'s holding requires a "timely challenge to the constitutional validity of [an] appointment" and having failed to *timely* raise this argument during the administrative process, Plaintiff waived the issue. *Huebert*, 2019 WL 5206065, at *5 (citing *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) ("holding that parties may not wait until court to raise a statutory 'defect in the … appointment' of the official who issued agency's initial decision"); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 22, (2012) ("plaintiff required to exhaust constitutional claim to administrative agency before seeking review in federal court")).

Plaintiff attempts to overcome the failure to exhaust this issue by relying on *Sims v. Apfel*, 530 U.S. 103, 108-109 (2000). (Doc. 26 at 32). As explained by other courts, *Sims* concerns only whether a claimant must present all relevant issues to the Appeals Council to preserve them for judicial review, and the Supreme Court specifically stated that the issue of whether a claimant must exhaust an issue before the ALJ was not before the Court. *Id.* at 2083; *see also Huebert*, 2019 WL 5206065, at *5 (finding same); *Miaolino,* 2019 WL 2724020, at *6-7 (finding same). Because the issue here is whether

Plaintiff timely challenged the appointment issue for the first time before this Court, *Sims* is not applicable.   *Huebert*, 2019 WL 5206065, at *5.

In sum, the Supreme Court in *Lucia* "did not make a blanket finding that all ALJs are subject to the Appointments Clause, but only that SEC ALJs were so subject."   *Id.* For these reasons, the Court finds Plaintiff's argument lacks merit.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds substantial evidence supports the ALJ's decision and there was either no error or no harmful error in the ALJ's application of the correct legal standard.

Accordingly, it is hereby **ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).   The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties